JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

    1301 Clay Street, Suite 340-S
    Oakland, California 94612
    Telephone:  (510) 637-3705
    Facsimile:  (510) 637-3724
    E-Mail:     James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No. CR-07-0750 CW |
| ) | |
|     Plaintiff, ) | GOVERNMENT'S SENTENCING |
| ) | MEMORANDUM |
|   v. ) | |
| ) | **Sentencing Date: March 5, 2008, 2:00** |
| HENRY MAURICE HUNTER, ) | **p.m., The Honorable Claudia Wilken** |
| ) | |
|     Defendant. ) | |
| ) | |
| _____ ) | |

    The United States of America requests that Defendant Henry Maurice Hunter be sentenced to 15 months imprisonment, the low end of the United States Sentencing Guidelines ("Guidelines") range, and three years of supervised release, consistent with the Plea Agreement and the recommendation of the United States Probation Office ("USPO").

## INTRODUCTION

    After failing to report to the Cornell Corrections halfway house to complete his prison sentence, on December 5, 2007, Defendant pled guilty to a single-count information alleging that he illegally escaped from the custody of the Attorney General

and his authorized representative in violation of Title 18, United States Code, Sections 751(a) and 4082. This conduct represents the most recent example of Defendant's repeated violations of both his custodial and supervised release conditions over the past 17 years. Since 1991, Defendant has violated his state parole and been returned to prison on at least three occasions; Defendant's state probation has been revoked at least three times and modified on at least one additional occasion; and, finally, Defendant's federal supervised release has been revoked two times. Indeed, the instant offense arises from Defendant's escape from a ten-month prison term he was serving following the most recent revocation of his supervised release. Given Defendant's inability to comply with the terms of his confinement or the terms of his supervised release, a sentence of 15 months imprisonment is necessary to protect the public from further crimes of Defendant, to afford adequate deterrence to Defendant's criminal conduct, and to promote respect for the law.

## FACTUAL BACKGROUND

The Presentence Investigation Report ("PSR") adequately sets forth the criminal activity. Consequently, the United States will not repeat the information in this section.

## ARGUMENT

**I.    PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 15 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE.**

The United States agrees with the Guidelines calculations set forth in the PSR resulting in a total offense level of 7 and a criminal history category of VI. PSR ¶¶ 25, 40-42. Pursuant to the Plea Agreement in this matter, the United States recommends a sentence of 15 months imprisonment.

**II.   APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 15 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a) considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464 (2007). These factors or considerations include the need for the sentence

1  to promote respect for the law, afford adequate deterrence, protect the public from further

2  criminal conduct by the defendant, and provide the defendant with needed training and

3  medical care.  18 U.S.C. § 3553(a).  The sentence recommended by the government and

4  the USPO in the PSR achieves all of these sentencing goals.  A sentence of 15 months

5  imprisonment, three-years supervised release, and a $100 special assessment is reasonable

6  and appropriate.

7       A.    **A Sentence Of 15 Months Imprisonment Is Necessary To Protect The**
             **Public, <u>Afford Adequate Deterrence, And To Promote Respect For The</u>**
8            **<u>Law</u>.**

9             Defendant has been in custody or on some form of monitored release for almost all

10  of the past 19 years.  (PSR ¶¶ 27-39.)  Stated differently, but for possibly a few months in

11  2000 and 2001, Defendant has been serving some form of a criminal justice sentence -

12  either in custody or on supervised release - for his entire adult life.  (<u>Id.</u>)  He has been

13  convicted of at least ten separate crimes in both state and federal courts, including the

14  armed robbery of a pizza parlor in 1994 for which he was sentenced to six years in prison.

15  (<u>Id.</u>)  Defendant's state parole has been revoked at least three times; his state probation

16  has been revoked at least three times and modified at least once; and, his federal

17  supervised release has been revoked two times.  (<u>Id.</u>)

18             In addition to Defendant's criminal convictions, which put him into criminal

19  history category VI in this case, Defendant has been arrested for a number of violent

20  crimes.  For example, in 1991, Defendant was arrested for robbing a pizza delivery person

21  at gunpoint.  (PSR ¶ 43.)  The charges were apparently dismissed, however, when

22  Defendant agreed to plead guilty to the separate armed robbery of a different pizza parlor.

23  (<u>Id.</u>)  Additionally, in 1992, Defendant was arrested for beating a woman and pointing a

24  gun at her at a gas station.  (PSR ¶ 44.)  And, in 1998, Defendant was arrested for beating

25  his girlfriend with an iron during a fight.  (PSR ¶ 45.)

26             Given Defendant's lengthy criminal history and inability to comply with the terms

27  of his supervision, either in custody or out-of-custody, a sentence of 15 months is

28

1   reasonable and necessary to protect the public, afford adequate deterrence, and to promote

2   respect for the law.

3       **B.    A Sentence Of 15 Months Imprisonment May Provide Defendant With**
        **Necessary Training And Medical Care.**

4

5       Defendant admits to a long history of substance abuse.  (PSR ¶¶ 61-65.)

6   Defendant's extensive criminal history is apparently due, in part, to his drug abuse.  For

7   example, Defendant was convicted of a felony cocaine sales violation in 1991.  (PSR ¶

8   33.)  Moreover, Defendant claims that he participated in an armed robbery of a pizza

9   parlor in 1992 in order to purchase drugs.  (PSR ¶ 36.)  Additionally, Defendant's

10  supervised release was revoked in April 2005 after he tested positive for narcotics on four

11  occasions, failed to appear for narcotics testing on three occasions, and failed to appear

12  for counseling on two occasions.  (PSR ¶ 38.)  His supervised release was revoked again

13  in November 2006 after he tested positive on three occasions for cocaine and failed to

14  appear for a drug test.  (PSR ¶ 38.)  Further, according to defense counsel, the instant

15  offense is "a drug relapse. . . .  Mr. Hunter is a long-time drug addict."  (Letter from

16  defense counsel to USPO dated February 1, 2008.)

17      Despite his admitted substance abuse problem, Defendant has failed to complete

18  necessary treatment while out of custody.  Defendant failed to reside at a residential drug

19  treatment facility, leading, in part, to the revocation of his supervised release in April

20  2005.  (PSR ¶¶ 38, 64.)  Therefore, a sentence of 15 months imprisonment and three years

21  of supervised release may provide Defendant with the resources to address his substance

22  abuse problem.

23  **III.    THE SEARCH CONDITION IN THE PSR SHOULD BE MODIFIED.**

24      On page 3 of the "Sentencing Recommendation" attached to the PSR, the

25  Probation Officer suggests that Defendant, while on supervised release, shall submit to a

26  search by a Probation Officer based on "reasonable suspicion."  (PSR, Additional

27  Condition 3.)  Considering Defendant's lengthy criminal history, and in light of the recent

28  Ninth Circuit decision in United States v. Betts, 511 F.3d 872 (9th Cir. 2007), the search

1   clause applicable during Defendant's term of supervised release should be expanded.

2   Specifically, the government submits that this condition should read as follows:

3       The defendant shall submit his person, residence, office, vehicle, or any property
        under his control to a search at any time by any law enforcement officer or any
4       probation officer with or without a warrant and with or without cause.

5       In Betts, the Ninth Circuit upheld a substantially similar search clause, even

6   though the defendant in that case had no criminal history.  In doing so, the Ninth Circuit

7   relied on Samson v. California, 126 S.Ct. 2193 (2006), which held that a similarly worded

8   condition imposed upon all parolees in California did not violate the Fourth Amendment

9   even though the condition did not require reasonable suspicion.  Betts, 511 F.3d at 876

10  (citing Samson, 126 S.Ct. at 2202).  The Ninth Circuit noted that in Samson, the Supreme

11  Court had considered the high risk of recidivism for people convicted of crimes and

12  reasoned that a reasonable suspicion requirement would give parolees greater opportunity

13  to anticipate searches and hide criminal conduct.  Id.  Because there was "no sound

14  reason for distinguishing parole from supervised release" with respect to this condition,

15  and noting that the Court in Samson even drew the analogy to supervised release, the

16  Ninth Circuit determined that the expansive search condition not requiring reasonable

17  suspicion was appropriate.  Id.  At least one other circuit has agreed with the Ninth

18  Circuit in this regard and approved suspicionless searches as a condition of supervised

19  release.  United States v. Hanrahan, 508 F.3d 962, 971 (10th Cir. 2007) (approving

20  suspicionless search condition for defendant convicted of unlawful possession of a

21  firearm) (citing United States v. White, 244 F.3d 1199, 1208 (10th Cir. 2001) (approving

22  suspicionless search condition for defendant convicted of possession of child

23  pornography)).

24      Such a condition is appropriate here as well.  As set forth above, Defendant's

25  criminal history is lengthy and constant.  While serving the supervised release portion of

26  his sentence, no law enforcement officer should need reasonable suspicion to search

27  Defendant.

28  ////

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-07-0750 CW                    -5-

1

**CONCLUSION**

2          For the foregoing reasons, the United States respectfully requests that the Court

3  accept the parties' Plea Agreement and the recommendation contained in the PSR, and

4  determine that Defendant's Guidelines offense level is 7 and his criminal history category

5  is VI.  The United States further respectfully requests that, taking into consideration the

6  sentencing factors set forth in section 3553(a), the Court sentence Defendant to the low-

7  end of the applicable Guidelines range, namely, 15 months imprisonment, impose a three-

8  year term of supervised release (under the terms and conditions recommended by the

9  USPO), and order Defendant to pay a $100 special assessment.

10

11  DATED: February 29, 2008                    Respectfully submitted,

12                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
13

14                                              _____
                                                      /s/
15                                              JAMES C. MANN
                                                Assistant United States Attorney
16

17

18

19

20

21

22

23

24

25

26

27

28