BARRY J. PORTMAN
Federal Public Defender
JOHN PAUL REICHMUTH
Assistant Federal Public Defender
555 12th St. – Suite 650
Oakland, CA 94607-3627
Tel. 510-637-3500

Counsel for Defendant HUNTER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>Henry M. Hunter,<br><br>　　　　　　Defendant. | No. CR CR-07-00750-CW<br><br>DEFENDANT'S SENTENCING MEMORANDUM |

Mr. Hunter failed to arrive at the halfway house to serve the final 26 days of his 10 month prison sentence, after which he was to have no more supervision. The guidelines for such an offense, given Mr. Hunter's criminal history category are 15-18 months prison followed by three years of supervision (OL 7/CH Cat VI). The defense does not object to these calculations but respectfully requests that Mr. Hunter be sentenced to one year and one day jail followed by 6 months of inpatient drug treatment as a condition of supervision. This is more than enough sanction, given all of the circumstances and goals of punishment.

Mr. Hunter was furloughed to a halfway house on July 11, 2007. PSR ¶ 8. His projected release date was August 6, 2007. Transfer Order, attached as Exhibit A. Mr. Hunter simply relapsed

- 1 -

on drugs and failed to get on the Greyhound Bus bound for Cornell Corrections in Oakland. PSR ¶ 13. He was arrested about two months after he failed to appear, when police responded to a verbal altercation with no physical violence reported, between Mr. Hunter and his significant other. PSR ¶ 9. Mr. Hunter was to have no supervision after completion of his 10 months sentence. PSR ¶ 7. Mr. Hunter wants drug treatment. He is participating in DEUCE classes in jail now, and he wants to be released to an inpatient drug treatment center. PSR ¶ 65.

Had Mr. Hunter failed to report to a halfway house, based on a relapse, while under supervision of the Probation Office instead of while on furlough from the Bureau of Prisons, his guideline range would have been 8-14 months prison, given a Criminal History Category VI and a Grade C violation. U.S.S.G. § 7B1.4(a). While the guidelines have tried to take into account the mitigated situation of halfway house walk-away's by reducing the offense level by 4 points in such situations, U.S.S.G. § 2P1.1(b)(3), they have not done so perfectly. It is difficult to find a meaningful distinction between walking away from, or failing to report to, the halfway house while on early release from the BOP and doing so while on Supervised Release under the Probation Office. It is true that for many crimes, the violation sentence is less than that carried by the new criminal conduct itself. Going out of one's way to commit a new crime while on supervision clearly subjects one to a large criminal penalty, as well as a smaller penalty for committing a crime while on supervision. Failing to report to a halfway house, however, is very much a violation of administrative rules, and there should not be any difference in penalty depending on which branch of supervision is charged with the defendant's care. Mr. Hunter is requesting a prison sentence equivalent to the mid-range for a supervised release violation based on the conduct of failing to report to a halfway house.

In sum, a sentence of 12 months and one day prison, followed by 6 months of residential drug treatment, for relapsing and failing to report to a halfway house to serve less than a month there, is appropriate and no greater than necessary to achieve the goals of sentencing.

Dated:  March 3, 2008                                    Respectfully submitted,

                                                         BARRY J. PORTMAN
                                                         Federal Public Defender

                                                         /S/
                                                         JOHN PAUL REICHMUTH
                                                         Assistant Federal Public Defender